# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EXTRADITION OF<br>GREGORIO SALGADO-LOPEZ, *also known*<br>*as* Gregorio Salgado Lopez | 1:11-mc-00033 GSA<br><br>**ORDER REGARDING EX PARTE APPLICATION TO EXTEND TIME WITHIN WHICH TO FILE AN OPPOSITION, AND TO CONTINUE THE HEARING ON THE EXTRADITION** |

**RELEVANT PROCEDURAL BACKGROUND**

On November 7, 2011, the United States of America ("Government"), filed its Complaint for Provisional Arrest with a View Towards Extradition. (Doc. 1.)

On November 9, 2011, Gregorio Salgado-Lopez ("Salgado-Lopez") made his initial appearance in this matter. He was originally represented by attorney Charles J. Lee of the Federal Defender's office. (Docs. 7-8.) On that date, Salgado-Lopez was ordered detained. (Doc. 9.)

On February 9, 2012, attorney Roger S. Bonakdar of the Law Offices of Nuttall, Coleman & Wilson was substituted in place and instead of attorney Lee as counsel for Salgado-Lopez. (Doc. 13.)

1

1    Following a status conference of February 9, 2012, the matter was continued six weeks at
2 the request for Mr. Bonakdar; the Government did not object to the continuance. (Doc. 14.)
3    On March 15, 2012, at a status conference regarding extradition, the Government
4 requested a briefing schedule be imposed. As a result, the Government's brief was to be filed no
5 later than April 5, 2012; any opposition was to be filed no later than April 26, 2012. The related
6 hearing was scheduled for May 7, 2012. (Doc. 15.)
7    The Government filed its brief in support of the extradition on April 5, 2012. (Doc. 16.)
8 Relatedly, nearly 900 pages of exhibits were filed under seal on April 6, 2012. (Docs. 19-20.)
9    On April 26, 2012, Salgado-Lopez filed an Ex Parte Application for an Order Extending
10 Time for Defendant to File Opposing Papers, and for Continuance of Hearing on Extradition.
11 (Doc. 21.)[1]
12    On April 27, 2012, the Government filed its Opposition to the aforementioned
13 application. (Doc. 22.)

## DISCUSSION

Salgado-Lopez seeks an order extending time within which he may oppose the Government's extradition efforts, as well as an order continuing the related hearing. More particularly, Salgado-Lopez claims he has retained counsel in Mexico in an effort to "'place[ the matter] back on calendar" before the Mexican courts - without requiring his personal appearance - apparently to "resolve the action in Mexico," thus obviating the need for extradition. However, Salgado-Lopez makes no effort to explain how placing any matter back on calendar in Mexico will "resolve the action." Nevertheless, Salgado-Lopez seeks a continuance of three weeks within which to file his opposition, as well as a three-week continuance of the extradition hearing. (*See* Doc. 21.)

---

[1] Counsel for Salgado-Lopez is directed to Local Rule 144(d). He has an obligation to obtain an extension "as soon as the need for an extension becomes apparent." It is apparent to the Court that counsel should have known of the need for an extension of time well ahead of the due date itself. Counsel is cautioned that "extensions brought on the required filing date . . . are looked upon with disfavor."

The Government opposes Salgado-Lopez's request. It asserts that a strong public interest in the United States abiding by its treaty obligations cautions against any extension of time here. It also points to Salgado-Lopez's seven months in the Government's custody and the more than three year old case now pending in Mexico against Salgado-Lopez involving illegal weapon possession. Moreover, the Government asserts that Mexican officials have advised it that its prosecutors do not have authority to dismiss the charges now pending against Salgado-Lopez, nor is bail available on the charges alleged, nor is there a provision for trial in absentia. Accordingly, the Government contends this Court should proceed with the hearing as scheduled. (Doc. 22.)

While the Court appreciates the public interest in the Government upholding its treaty obligations, an additional three weeks is little time in the totality. Further, although Salgado-Lopez may have absconded from Mexico three years ago, the matter has been pending before this Court less than six months. Finally, the exhibits to the Government's petition are rather lengthy.

Despite the fact that Salgado-Lopez's application and the reasons contained therein are not very compelling, the requests for an extension of time within which to file an opposition and for a brief delay of the extradition hearing will never the less be GRANTED. Salgado-Lopez is cautioned however that this Court will not entertain any additional requests for a delay of these proceedings.

**ORDER**

IT IS HEREBY ORDERED as follows:

1. Salgado-Lopez's opposition to the Government's extradition brief SHALL be filed no later than **May 17, 2012**; and

//
//
//
//

2. The hearing regarding extradition is CONTINUED from May 7, 2012, to **May 29, 2012, at 1:30 p.m.** on the duty criminal calendar before Magistrate Judge Barbara A. McAuliffe in Courtroom 8.

IT IS SO ORDERED.

Dated: __April 30, 2012__     _____/s/ **Gary S. Austin**_____
                              UNITED STATES MAGISTRATE JUDGE

4